IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 99 N 417

SANFORD LEE HERTZ,

    Plaintiff,

v.

LUZENAC AMERICA, INC.,

    Defendant.

___

**ORDER AND MEMORANDUM OF DECISION**
___

    This is an employment-discrimination case. Plaintiff Sanford Lee Hertz obtained a jury verdict against Defendant Luzenac America, Inc., for retaliatory discharge in violation of Title VII. This matter is before the court on "Plaintiff's Renewed Application for Attorneys' Fees and Expenses," filed June 25, 2004. Jurisdiction is based on 28 U.S.C.A. §§ 1331, 1343, 1367 (2004), and 42 U.S.C.A. § 2000e–5(f)(3) (2004).

**FACTS**

    Plaintiff is a Jewish male who brought claims against Defendant, his former employer, primarily for religious discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e–17 (2004), *as amended by* the Civil Rights Act of 1991, 42 U.S.C.A. § 1981a (2004). Specifically, Plaintiff set forth six claims for relief in his complaint, (1) wrongful discharge based upon religious discrimination, (2) hostile work environment based upon religion, (3) retaliation, (4) defamation *per se*, (5) intentional interference with prospective

-1-

business advantage, and (6) intentional infliction of emotional distress. (Compl. ¶¶ 32–67 [filed March 3, 1999].) Plaintiff requested punitive damages on each of his claims. (*Id.* ¶¶ 47–61.) Defendant moved for summary judgment, and on June 12, 2000, I granted Defendant's motion for summary judgment as to Plaintiff's second, fourth, fifth, and sixth claims for relief. (Order and Mem. of Decision [filed June 12, 2000].) Accordingly, only Plaintiff's religious discrimination and retaliation claims survived. (*Id.*) Following a six day trial to jury in January 2002, the jury found for Plaintiff on his retaliation claim, for Defendant on Plaintiff's discrimination claim, and awarded Plaintiff $300,000 in damages. (Special Verdict [filed January 15, 2002].) I thereafter reduced compensatory damages to the statutory maximum of $200,000. (Courtroom Mins. [dated Jan. 17, 2002].)

After trial, Plaintiff moved for attorneys' fees and I denied this motion without prejudice in light of the likely appeal by Defendant. (Order and Mem. of Decision [filed Sept. 30, 2002] [hereinafter "Order"].) Defendant appealed, and the Tenth Circuit affirmed my rulings on June 23, 2004. *Hertz v. Luzenac Am., Inc.*, 370 F.3d 1014 (10th Cir. 2004). On June 25, 2004, Plaintiff filed a renewed application for attorneys' fees. (Pl.'s Renewed Application for Att'ys' Fees and Expenses [filed June 25, 2004] [hereinafter "Pl.'s Br."].) In this motion, Plaintiff requests attorneys' fees and expenses of $310,098.19. (*Id.*) As a result of Plaintiff's failure to comply with Local Rule 54.3, on November 17, 2004, I ordered Plaintiff to submit a summary of the relevant qualifications and experience of Plaintiff's attorneys, paralegals, and law clerks other than John A. Chanin, Theresa L. Corrada, and Blain D. Myhre. (Minute Order [filed Nov. 17, 2004] [hereinafter "Minute Order"].) Plaintiff did so on November 29, 2004. (Supplement to Pl.'s Renewed Application for Att'ys' Fees and Expenses [filed Nov. 29, 2004] [hereinafter

"Pl.'s Supplement"].)

## ANALYSIS

Title VII permits the district court to award attorneys' fees. 42 U.S.C.A. § 20003–5(k) (2004). Plaintiff is entitled to attorneys' fees if he was the prevailing party and his fee request is reasonable. *Robinson v. City of Edmond*, 160 F.3d 1275, 1280 (10th Cir. 1998). "A plaintiff who 'succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit' is a 'prevailing party.'" *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 [1983]) (alteration in original). Since Plaintiff prevailed on his retaliation claim, he is the prevailing party. Next,

> [t]o determine the reasonableness of a fee request, a court must begin by calculating the so-called "lodestar amount" of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a "reasonable" fee. The lodestar calculation is the product of the number of attorney hours "reasonably expended" and a "reasonable hourly rate."

*Robinson*, 160 F.3d 1275, 1281 (10th Cir. 1998) (citations omitted). Accordingly, I first address whether Plaintiff's proffered attorney hours were reasonably expended. Second, I address whether Plaintiff's proffered hourly rates are reasonable. This analysis will provide the lodestar amount.

The calculation of attorneys' fees under the lodestar method "does not end the inquiry." *Hensley*, 461 U.S. at 434. At this point, the court must consider the "results obtained" by the plaintiff. *Id.* Accordingly, the third portion of my analysis deals with the results obtained by Plaintiff. Finally, I address the parties' arguments regarding expenses.

1.  *Reasonable Hours*

I first address whether Plaintiff's proffered attorneys hours were reasonably expended.

Attorneys' fees do not include

> hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

*Hensley*, 461 U.S. 424, 434 (1983) (quoting S. Rep. No. 94-1011, p. 6 [1976]). Regarding the issue of multiple attorneys working on the same case, the Tenth Circuit has explained that

> [b]ecause utilizing more than one lawyer may be reasonable in some situations, such as during settlement conferences or during trial, we decline to require an automatic reduction of reported hours to adjust for multiple representation or potential duplication. However, the district court should give particular attention to the possibility of duplication.

*Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983) (footnote omitted), *overruled on other grounds*, *Pa. v. Del. Valley Citizens' Council For Clean Air*, 483 U.S. 711, 725 (1987). Defendant argues that (1) Plaintiff's attorneys engaged in excessive staffing, and (2) needlessly complicated the issues. I address these two arguments in turn. I then conclude my analysis of Plaintiff's attorneys' hours by discussing the appropriate reduction in requested hours for excessive staffing.

  a.  *Excessive Staffing and Duplication Issues*

Defendant raises seven points it contends show excessive staffing or duplication in effort by Plaintiff's counsel. First, Defendant objects to the number of attorneys, paralegals, and law clerks that worked for Plaintiff on the case. (Def.'s Resp. to Pl.'s Renewed Application for

Att'y Fees and Expenses at 6 [filed July 15, 2004] [hereinafter "Def.'s Resp."].)  Plaintiff has requested attorneys' fees for the work of ten attorneys, six paralegals, and two law clerks.  (Pl.'s Br. at 3.)  Indeed, eight of these attorneys billed over one thousand dollars of work on the case, and four attorneys billed over thirty thousand dollars of work on the case.  (*Id.*)  Plaintiff attributes the number of staff that worked on this case to "turn-over in Plaintiff's counsel's law firm."  (Pl.'s Stanford Lee Hertz's Reply in Supp. of His Renewed Application for Att'ys' Fees and Expenses at 3 [filed July 26, 2004] [hereinafter "Pl.'s Reply"].)  Despite any turn-over Plaintiff's counsel's law firm may have experienced, it is unreasonable for Plaintiff's counsel to bill for ten attorneys and six paralegals in a straightforward Title VII case.[1]  This was not, for example, a class action, large antitrust, or CERCLA case.  Although it is acceptable to have multiple attorneys and paralegals work on a case that requires a six day jury trial and an appeal, the number of attorneys and paralegals assigned to work on this case was unreasonable.  Accordingly, I will reduce the total number of hours in the end of this section.

Second, Defendant argues that Plaintiff's attorneys' hours dealing with discovery requests was excessive and duplicative.  (Def.'s Resp. at 6.)  Upon a review of the record, I find that Defendant's argument as to this point is without merit because Plaintiff's attorneys' time expended on these requests was reasonable.

Third, Defendant argues that there are three examples of times when two different attorneys billed different amounts of time for the same conversation they had with one another.

---

[1] Indeed, Plaintiff's own records demonstrate that his explanation regarding turn-over in his counsel's law firm does not hold water.  The evidence shows that, of the staff on Plaintiff's case, only two attorneys and one paralegal have left Plaintiff's counsel's law firm.  (Pl.'s Br., Ex. A [Attorneys' Current Hourly Rates].)

(Def.'s Resp. at 7.)  The billing record supports Defendant's averment regarding one date, July 7, 1999.  (Pl.'s Br., Ex. B [Billing Records].)  Such billing practices are unacceptable.  Accordingly, I reduce the hours billed by Melissa Thompson by 0.8 hours, John Chanin by 0.5 hours.

Fourth, Defendant argues that on a number of different occasions, new attorneys billed time to become familiar with the file.  (Def.'s Resp. at 7.)  Familiarization time does not make fees for that time unreasonable *per se*.  However, in light of the needless number of attorneys on this case, as discussed above, I will reduce the total number of hours as set forth in the end of this section.

Fifth, Defendant contends that the hour and a half billed for two separate occasions of scheduling of interviews and depositions is unreasonable.  (Def.'s Resp. at 7.)  In the context of this matter, this hour and a half of billing is acceptable.

Sixth, Defendant maintains that it was inappropriate for Plaintiff to have two attorneys representing him at trial.  (Def.'s Resp. at 8.)  I do not find it inappropriate for Plaintiff to have two attorneys representing him at trial.  Indeed, Defendant had two attorneys representing it at trial.  (*See, e.g.,* Courtroom Mins. [dated Jan. 7, 2002].)  Defendant's argument as to this point is therefore without merit.

Seventh, Defendant argues that Plaintiff cannot recover fees for hours spent on clerical tasks.  (Def.'s Resp. at 9.)  Here, Plaintiff has attached two affidavits that assert that all of their hourly fees are the types that are usually charged to clients.  (Pl.'s Br., Ex. C [Aff. of Chanin], Ex. D [Aff. of Corrada].)  Defendant has set forth no evidence to the contrary.  (*See generally* Def.'s Resp.)  Accordingly, in light of the admissible evidence before the court in conjunction with the court's experience, I conclude that Plaintiff can recover for its proffered hours regarding

this issue.

### b.     *Plaintiff's Alleged Complication of Issues*

Defendant argues that Plaintiff's counsel unnecessarily complicated the issues in this case, warranting a reduction in fees. (Def.'s Resp. at 10–11.) Defendant's argument consists of three parts. First, Defendant argues that the time spent by Plaintiff's counsel regarding Plaintiff's expert, Sheldon Steinhauser, should not be included because I held at trial that Steinhauser could not testify. (Def.'s Resp. at 10; Courtroom Mins. at 3 [dated Jan. 10, 2002].) The fact that Steinhauser could not testify at trial does not preclude Plaintiff's from requesting and receiving attorneys' fees regarding Steinhauser. *See, e.g., Gonzales v. Felker*, 964 F. Supp. 251, 255 (N.D. Ohio 1997) (fees associated for an expert witness regarding an unsuccessful motion were permitted); *Bohen v. City of East Chicago*, 666 F. Supp. 154, 158 (N.D. Ind. 1987) (attorneys' time discussing case with expert witnesses not called was fully compensable); *but cf. Okot ex rel. Carlo v. Conicelli*, 180 F. Supp.2d 238, 250 (D. Me. 2002) (reducing time spent searching for, and consulting with, experts by over fifty percent due to fact that the plaintiff used no experts at trial). Accordingly, Plaintiff's counsel can be compensated for this time.

Second, Defendant argues that I should reduce Plaintiff's requested hours by the amount of time Plaintiff's attorneys spent on Plaintiff's unsuccessful motion to modify the pretrial order. (Def.'s Resp. at 10–11.) Plaintiff filed a motion to modify the pretrial order on November 2, 2001, (Mot. for Leave of Court to Modify Final Pretrial Order [filed Nov. 2, 2001]), which I denied on December 12, 2001 because Plaintiff failed to show good cause for his request. (Order [filed Dec. 12, 2001].) While a plaintiff's total attorneys' fees may be reduced to reflect the plaintiff's limited overall success, such as when a plaintiff does not prevail on some

of its claims, *see Durant v. Indep. Sch. Dist. No. 16*, 990 F.2d 560, 566 (10th Cir. 1993), courts do not apply this concept to individual unsuccessful motions by a plaintiff. *Cf. Gonzales v. Felker*, 964 F. Supp. 251, 255–56 (N.D. Ohio 1997) (awarding plaintiffs attorneys' fees for their opposition to a successful motion by defendants). Accordingly, I do not reduce Plaintiff's requested hours regarding Plaintiff's motion to modify the pretrial order.

Third, Defendant asserts that I should reduce the number of hours Plaintiff's counsel billed for Plaintiff's response to Defendant's motion for summary judgment. (Def.'s Resp. at 11.) Defendant contends that Plaintiff's counsel's 104.7 hours of billing for this response was excessive, and that much of the motion defended claims that the court dismissed. (*Id.*) To the extent that Defendant argues that 104.7 hours of billing for this response was excessive, I find this argument without merit. Given the number of legal and factual issues addressed in Defendant's motion for summary judgment, 104.7 hours of billing for Plaintiff's response is not excessive.

To the extent that Defendant argues that this time should be discounted because Plaintiff did not prevail on all of his claims, I address this issue in a subsequent section of this order and memorandum of decision. If I were to first reduce Plaintiff's hours for his response to Defendant's motion for summary judgment because he did not succeed on several of his claims, and then later reduced Plaintiff's award because Plaintiff did not succeed on most of his claims, I would be double-counting the reduction in attorneys' fees. Accordingly, I address the subject of a reduction in fees due to the fact that Plaintiff did not prevail on most of his claims in a subsequent section.

### c. *Conclusions Regarding Reasonable Hours*

In light of the foregoing, Plaintiff is not entitled to the fees generated by all of his requested attorneys' hours. As discussed above, Plaintiff's requested attorneys' fees for such a large staff — ten attorneys, six paralegals, and two law clerks — demonstrates that Plaintiff's attorneys' fees are unreasonable and that, *a fortiori*, unnecessary duplicative effort resulted from such unreasonable staffing. When Plaintiff requests attorneys' fees based upon hours spent that were duplicative and excessive, a percentage reduction in hours is appropriate. *Goodwin v. Metts*, 973 F.2d 378, 384 (4th Cir. 1992); *cf. Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (holding that it is within the District Court's discretion to reduce the number of hours requested by a percentage to reflect inadequate records). Accordingly, I reduce the number of hours of attorneys' fees requested by each of Plaintiff's attorneys, paralegals, and law clerks by twenty percent. As set forth above, moreover, I additionally reduce the hours billed by Melissa Thompson by 0.8 hours, John Chanin by 0.5 hours.

## 2. *Reasonable Rate*

Having determined the number of hours Plaintiff's counsel reasonably expended, I address whether Plaintiff has set forth a reasonable rate for his attorneys. As a preliminary matter, Plaintiff requests that "fees be awarded at current hourly rates[, as opposed to the rates Plaintiff's attorneys were billing at the time they worked on the case,] to compensate for the lengthy delay in payments." (Pl.'s Br. at 3.) This request is apparently based upon the United States Supreme Court case of *Missouri v. Jenkins* which held that "an appropriate adjustment for delay in payment [of attorneys' fees] — whether by the application of current rather than historic hourly rates or otherwise — is within the contemplation of the statute." *Missouri v.*

*Jenkins*, 491 U.S. 274, 284 (1989).  When I initially denied Plaintiff's motion for attorneys' fees without prejudice, I noted that "Plaintiff was concerned . . . about the loss of interest in the interim between the date of judgment was entered on the merits and the date judgment on attorney fees is entered."  (Order at 14.)  I explained that "when I consider the issue of attorney fees after appeal, I will have discretion to adjust for the delay in payment to [Plaintiff] in a number of ways, including possibly awarding prejudgment interest on attorney fees."  (*Id.* [citing *Jenkins*, 491 U.S. at 283–84].)

I reject Plaintiff's exact request, that he receive attorneys' fees based upon his attorneys' 2004 current hourly rate.  The *Jenkins* rule regarding current rates applies to the "current" rate at the time the "fee movant prevailed" in the district court.  10 James Wm. Moore et al., *Moore's Federal Practice* § 54.190[2][b][v] (3d ed. 1999).  Appropriate compensation awarded when the case returns to the district court on remand, however, is a different story.  The Ninth Circuit addressed this precise issue in *Corder v. Brown*, and held that

> a delay in payment occasioned by appeal is redressable solely by an award of interest.  Thus, although the determination of an attorney's fee award is primarily a matter of district court discretion, we find that the district court abused its discretion in recalculating the lodestar figure using the current hourly rate [after remand] of plaintiffs' attorney.

*Corder v. Brown*, 25 F.3d 833, 838–39 (9th Cir. 1994) (citations omitted) (footnote omitted); *but see Smith v. Vill. of Maywood*, 17 F.3d 219, 221 (7th Cir. 1994) (court can apply either the statutory interest rate or the current hourly rate as of the time of remand in compensating Plaintiff for the delay in payment).  The award of interest is calculated under 28 U.S.C.A. § 1961. *Id.*; *Foley v. City of Lowell*, 948 F.2d 10, 21–22 (1st Cir. 1991).  I find that the *Corder* rule will

fairly compensate Plaintiff for the deprivation of the monetary value of his attorneys' fees, and that an application of current (i.e. 2004) billing rates will not compensate Plaintiff in a fair manner.

For the reasons set forth above, Plaintiff is entitled to recover attorneys' fees based upon the rate that Plaintiff's attorneys' billed as of January 17, 2002, the date judgment was entered in this court. Plaintiff, moreover, is entitled to interest on these attorneys' fees at the statutory rate according to 28 U.S.C.A. § 1961 from January 17, 2002 to the present.[2] Plaintiff is not entitled to an award of attorneys' fees at his attorneys' current (i.e. 2004) billing rates for hours incurred prior to January 17, 2002.[3]

With this preliminary matter resolved, I address whether Plaintiff's proffered attorneys' fee rates are appropriate. The party moving for attorneys' fees has the burden to prove that the requested rate is reasonable, and a "reasonable rate is the prevailing market rate in the relevant community." *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002). Here, Plaintiff sets forth that his proffered attorneys' rates are reasonable based upon the affidavits of three of his attorneys. (Pl.'s Br., Ex. C–E [Affs. of John Chanin, Theresa Corrada, and Blain Myhre].) Plaintiff has introduced no further evidence regarding the reasonableness of his proffered attorneys' rates.

As Defendant notes, (Def.'s Resp. at 4), Plaintiff has the burden of "'produc[ing]

---

[2]This interest rate is 2.13%. *See* Federal Reserve Statistical Release, *available at* http://www.federalreserve.gov/releases/h15/20020114.

[3]This limitation that Plaintiff's attorneys' cannot request their current rates does not, of course, apply to the legal work Plaintiff's attorneys' performed after this court entered its pre-appeal judgment.

satisfactory evidence — in addition to the attorney's own affidavits — that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Guides*, 295 F.3d at 1078 (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 [1984]).  Accordingly, since Plaintiff only relies upon his "attorney[s]' own affidavits," he has not set forth satisfactory evidence of the reasonableness of his attorneys' rates.  Defendant does not set forth any evidence establishing a reasonable billing rate for Plaintiff's counsel.  There is, therefore, no proper evidence offered by the parties regarding the reasonableness of Plaintiff's attorneys' rates.

"Where a district court does not have before it adequate evidence of prevailing market rates, the court may use other relevant factors, including its own knowledge, to establish the rate." *Guides*, 295 F.3d at 1079.  Here, in light of the experience of Plaintiff's attorneys, paralegals, and law clerks, as demonstrated by the affidavits of Plaintiff's counsel and Plaintiff's supplement, I determine that their billing rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.

For the reasons set forth above, Plaintiff is entitled to recover attorneys' fees for the work of Plaintiff's attorneys up to January 17, 2002, the date judgment was entered in this court, based upon the rate that Plaintiff's attorneys' billed as of January 17, 2002.  Plaintiff is entitled to interest on these attorneys' fees at the statutory rate according to 28 U.S.C.A. § 1961 from January 17, 2002 to the present.  Plaintiff is entitled to attorneys' fees incurred after January 17, 2002, at the those attorneys' current billing rates.

I address one additional issue with regards to the calculation of attorneys' fees under the lodestar method.  Local Rule 54.3 requires that all motions for attorneys' fees "shall include . . .

for each person for whom fees are claimed . . . a summary of relevant qualifications and experience." D.C.COLO.LCivR 54.3(B)(2). As I noted in my minute order, Plaintiff did not follow this local rule with regards to "any of the other attorneys, paralegals, or law clerks for whom he requests attorneys' fees" besides Chanin, Corrada, and Myhre. (Minute Order.) I therefore ordered that, "if Plaintiff wishes the court to consider attorneys' fees regarding his attorneys, paralegals, and law clerks other than Chanin, Corrada, and Myhre, Plaintiff must submit the information that complies with Local Rule 54.3 within ten days of the date of this minute order." (*Id.*) Plaintiff filed a supplement that complied with this order, except that Plaintiff did not set forth the name and any information regarding the fees claimed for his contract paralegal. (Pl.'s Supplement.) Plaintiff is therefore not entitled to any of his requested attorneys' fees for work performed by the contract paralegal.

*3.*   *Plaintiff's Limited Success*

Having determined Plaintiff's attorneys' fees under the lodestar method, I must next consider the "results obtained" by Plaintiff, and adjust the award accordingly. *Hensley*, 461 U.S. at 434. This analysis requires that I first address the issue of whether "plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded," and I then address the issue of whether "plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Hensley*, 461 U.S. at 434. As the United States Supreme Court explained, in some cases

> the plaintiff's claims for relief will involve a common core of facts
> or will be based on related legal theories. Much of counsel's time
> will be devoted generally to the litigation as a whole, making it
> difficult to divide the hours expended on a claim-by-claim basis.
> Such a lawsuit cannot be viewed as a series of discrete claims.

-13-

> Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Hensley*, 461 U.S. at 434. This description aptly describes the claims in the present case. Accordingly, the next question I address regards Plaintiff's degree of success.

A plaintiff's degree of success, under *Hensley*, is either an excellent success, or a partial success. A plaintiff need not "prevail on every contention raised in the lawsuit" to have an excellent result. *Hensley*, 461 U.S. at 435. Rather, it is the result that matters. *Id.* If a plaintiff has an excellent result, the attorney should recover a fully compensatory fee. *Id.*

"If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id.* at 436. In such situations, "[t]here is no precise rule or formula for making these determinations." *Id.* The District Court may, in its discretion, award (1) all of Plaintiff's requested fees, (2) "identify specific hours that should be eliminated," or (3) simply reduce the award to account for the limited success of the Plaintiff. *Durant v. Indep. Sch. Dist. No. 16*, 990 F.2d 560, 566 (10th Cir. 1993); *see also Hensley*, 461 U.S. at 436–37.

Here, Plaintiff only prevailed on one of his six claims for relief — retaliation. Despite the fact that Plaintiff only prevailed on one of his claims, he received the maximum statutory award for a Title VII plaintiff. He did not, however, get any of the punitive damages he requested. Thus, *in toto*, I find that Plaintiff had a partial, but significant, success.

Another case in this circuit sheds light on an appropriate reduction in this case. In *Iqbal v. Golf Course Superintendents Association of America*, the Tenth Circuit affirmed a district court's decision to reduce a plaintiff's attorneys' fee award by thirty percent in light of the

-14-

plaintiff's limited success in his civil rights case. *Iqbal v. Golf Course Superintendents Ass'n of Am.*, 900 F.2d 227, 228 (10th Cir. 1990). The plaintiff in *Iqbal* set forth claims for race discrimination, retaliation, and four pendant state law claims. *Iqbal v. Golf Course Superintendents Ass'n of Am.*, 717 F. Supp. 756, 757 (D. Kan. 1989), *aff'd*, 900 F.2d 227. The *Iqbal* plaintiff prevailed in front of a jury on his retaliation claim, failed in front of the jury on his race discrimination claim, and lost on his other claims on a directed verdict ruling. *Id.* The *Iqbal* plaintiff requested in the pretrial order an award of $500,000 in actual damages and $1,000,000 in punitive damages, and received from the jury a $50,000 verdict for his retaliation claim. *Id.* at 757–59. Accordingly, the district court properly reduced the plaintiff's attorneys' fee award by thirty percent. *Iqbal*, 900 F.2d at 228.

This case is analogous to *Iqbal*, with only a few differences — such as the fact that Plaintiff received the maximum statutory award. Accordingly, I conclude that in light of the significance of Plaintiff's success on his retaliation claim, but also in light of Plaintiff's failure on his other claims as well as his request for punitive damages, the lodestar amount should be reduced by twenty percent to reflect this limited success.

### 4. *Expenses*

Plaintiff requests expenses of $29,693.44, which are Plaintiff's expenses minus $6,400.67 of costs that the clerk taxed. (Pl.'s Br. at 3–4, 7–8, Ex. G [Total Detailed Billing Reports for Expenses].) "Items that are normally itemized and billed in addition to the [attorney's] hourly rate should be included in [attorneys'] fee allowances in civil rights cases if reasonable in amount." *Ramos*, 713 F.2d at 559. Such items are generally referred to as expenses. *Id.* This use of the term expenses should be distinguished from the term costs, which is a subset of

expenses. *See generally* 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2666 (3d ed. 1998). Costs are those expenses specifically enumerated under 28 U.S.C.A. § 1920, and are taxable under Federal Rule of Civil Procedure 54(d). Expenses other than costs are permissible as part of an attorneys' fee award. *Ramos*, 713 F.2d at 559; *Brown v. Gray*, 227 F.3d 1278, 1297–98 (10th Cir. 2000). Since these expenses are part of an application for attorneys' fees, the party claiming the attorneys' fees has the burden to prove that the fee is reasonable. *Guides*, 295 F.3d at 1078. This proof, as set forth above, requires a showing that the expenses are normally "billed in addition to the hourly rate." *Ramos*, 713 F.2d at 559; *Brown*, 227 F.3d at 1297.

Here, Plaintiff sets forth his expenses, but does not provide by admissible evidence that such expenses are ordinarily billed to the attorneys' clients. Plaintiff attaches two affidavits by Plaintiff's counsel that aver that the "expenses were reasonably and necessarily incurred in this case." (Pl.'s Br., Ex. C ¶ 10 [Aff. of Chanin], Ex. D ¶ 8 [Aff. of Corrada].) These affidavits do not aver that such expenses are normally billed in addition to the attorneys' hourly rates. Therefore, Plaintiff has set forth no evidence that he is entitled to his requested expenses. Indeed, Plaintiff does not even argue that these expenses are those that are normally billed to clients in addition to the attorneys' hourly rates. (Pl.'s Br.; Pl.'s Reply.)[4] Accordingly, Plaintiff is not entitled to his requested expenses because he has not shown that such expenses are proper.

---

[4]This case is distinguishable from *Brown v. Gray* on the basis set forth above, that Plaintiff's attorneys have neither provided evidence nor even argued that their expenses are ordinarily billed to clients. *Brown*, 227 F.3d at 1297 ("[Plaintiff's] attorneys stated that these remaining items all represented costs that are ordinarily billed to clients").

5.     *Conclusions*

Based on the foregoing it is therefore

ORDERED as follows:

1. Plaintiff's renewed application for attorneys' fees and expense (# 130) is GRANTED in part, and DENIED in part.

    a. Plaintiff is entitled to attorneys' fees under the lodestar method.

    b. Plaintiff's requested number of hours for each of Plaintiff's attorneys, paralegals, and law clerks shall be reduced by twenty percent. Moreover, the hours billed by Melissa Thompson and John Chanin shall additionally be reduced by .8 hours and .5 hours, respectively.

    c. The billing rate applied to these hours for Plaintiff's attorneys' work up to January 17, 2002 shall be based upon the rate that Plaintiff's attorneys' billed as of January 17, 2002. Plaintiff is entitled to interest on these attorneys' fees at the statutory rate of 2.13 percent from January 17, 2002 to the present. Plaintiff is entitled to attorneys' fees incurred after January 17, 2002, at his attorneys' current billing rates.

    d. This amount, the lodestar amount of fees, shall not include Plaintiff's requested fees for his contract paralegal, and shall be reduced by twenty percent in light of Plaintiff's partial success.

    e. Plaintiff is not entitled to any expenses.

2. The parties shall file within eleven days of the date of this order a joint computation of

attorneys' fees and expenses consistent with this order and memorandum of decision.

Dated this  23  day of March, 2005.

BY THE COURT:

 s/
EDWARD W. NOTTINGHAM
United States District Judge