IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 99–cv–00417–EWN–CBS

SANFORD LEE HERTZ,

     Plaintiff,

v.

LUZENAC AMERICA, INC., a Colorado corporation,

     Defendant.

---

### ORDER AND MEMORANDUM OF DECISION

---

This is an employment discrimination case.  Plaintiff Sanford Lee Hertz obtained a jury

verdict against Defendant Luzenac America, Inc., his former employer, for retaliatory discharge in

violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. § 2000e *et seq.*

(2005), *as amended by* the Civil Rights Act of 1991, 42 U.S.C.A. § 1981a (2005).  This matter is

before the court on "Plaintiff's Motion to Amend Order and Memorandum of Decision Regarding

Attorneys' Fees and Expenses," filed April 6, 2005.  Jurisdiction is based on 28 U.S.C.A. §§

1331, 1343, 1367 (2005), and 42 U.S.C.A. §§ 2000e–5(f)(3) (2005).

### FACTS

Plaintiff, a Jewish male, alleged that Defendant discriminated and retaliated against him

based on his religion in violation of Title VII.  On March 3, 1999, Plaintiff filed a complaint in this

court, setting forth six claims for relief: (1) wrongful discharge based upon religious

-1-

discrimination, (2) hostile work environment based upon religion, (3) retaliation, (4) defamation *per se*, (5) intentional interference with prospective business advantage, and (6) intentional infliction of emotional distress. (Compl. ¶¶ 32–67 [filed March 3, 1999].)  Plaintiff requested punitive damages on each of his claims. (*Id.* ¶¶ 47–61.)  On November 19, 1999, Defendant moved for summary judgment. (Def.'s Mot. for Summ. J. and Supp. Mem. [filed Nov. 19, 1999].)  On June 12, 2000, I granted Defendant's motion for summary judgment as to Plaintiff's second, fourth, fifth, and sixth claims for relief. (Order and Mem. of Decision [filed June 12, 2000].)  In accordance with my order, only Plaintiff's claims for religious discrimination and retaliation survived. (*Id.*)

In January 2002, after a six-day trial, the jury found for Plaintiff on his retaliation claim, found for Defendant on Plaintiff's discrimination claim, and awarded Plaintiff $300,000 in damages. (Special Verdict [filed January 15, 2002].)  Thereafter, I reduced compensatory damages to the statutory maximum of $200,000. (Courtroom Mins. [dated Jan. 17, 2002].)

On January 31, 2002, Plaintiff filed an application for attorneys' fees and expenses. ("Pl.'s Application for Att'ys' Fees and Expenses" [filed Jan. 31, 2002].)  I denied Plaintiff's application without prejudice in light of the likely appeal by Defendant. (Order and Mem. of Decision [filed Sept. 30, 2002].)  Defendant appealed, and the Tenth Circuit affirmed my rulings on June 23, 2004. *Hertz v. Luzenac Am., Inc.*, 370 F.3d 1014 (10th Cir. 2004).  On June 25, 2004, Plaintiff filed a renewed application for attorneys' fees, requesting fees and expenses in the amount of $310,098.19. (Pl.'s Renewed Application for Att'ys' Fees and Expenses [filed June 25, 2004] [hereinafter "Pl.'s June 25, 2004 Mot."].)  Plaintiff failed to comply with Local Rule 54.3, and on November 17, 2004, I ordered Plaintiff to submit a summary of the relevant qualifications and

experience of Plaintiff's attorneys, paralegals, and law clerks other than John A. Chanin, Theresa

L. Corrada, and Blain D. Myhre.  (Minute Order [filed Nov. 17, 2004].)  On November 29, 2004,

Plaintiff complied with my order.  (Supplement to Pl.'s Renewed Application for Att'ys' Fees and

Expenses [filed Nov. 29, 2004] [herinafter "Supplement"].)  On March 24, 2005, I granted in part

and denied in part Plaintiff's June 25, 2004 motion.  (Order and Mem. of Decision [filed Mar. 24,

2005] [hereinafter "Order"].)  I found that Plaintiff was entitled to attorneys' fees under the

lodestar method, but was not entitled to expenses.  (*Id.*)

On April 6, 2005, Plaintiff filed a motion to amend my March 24, 2005 order regarding

attorneys' fees and expenses.  (Pl.'s Mot. to Amend Order and Mem. of Decision Regarding

Att'ys' Fees and Expenses [filed April 6, 2005] [hereinafter "Pl.'s Mot."].)  Despite its styling,

Plaintiff's motion relates exclusively to my denial of expenses, and does not concern attorneys'

fees.[1]  (*Id.*)  Plaintiff argues that he is entitled to the attorneys' expenses he sought in his June 25,

2004 motion, because said expenses are of the sort usually billed to the client.  (*Id.*)  On April 26,

2005, Defendant filed a response to Plaintiff's motion.  (Luzenac's Opp. to Pl.'s Mot. to Amend

Order and Mem. of Decision Regarding Att'ys' Fees and Expenses [filed Apr. 26, 2005]

[hereinafter "Def.'s Resp."].)  Defendant argues that Plaintiff's motion should fail because it

neither presents newly discovered evidence nor demonstrates that this court committed a manifest

error of law.  (*Id.*)  On May 11, 2005, Plaintiff filed a reply in support of its motion.  (Pl.'s Reply

---

[1]On September 15, 2005, Plaintiff filed a motion for entry for award of attorneys' fees.
(Mot. for Entry of Award of Att'ys' Fees [filed Sept. 15, 2005].)  On January 4, 2006, I granted
Plaintiff's motion, but declined to make a determination with respect to expenses at that time.
(Order [filed Jan. 4, 2006].)  On January 10, 2006, the clerk of this court entered a judgment for
Plaintiff in the amount of $175,444.04, subject to 4.36% interest from the date of entry of
judgment.  (J. [filed Jan. 10, 2006].)

in Supp. of His Mot. to Amend Order and Mem. of Decision Regarding Att'ys' Fees and

Expenses [filed May 11, 2005] [hereinafter "Pl.'s Reply"].)  This matter is fully briefed.

## ANALYSIS

### *1.      Standard of Review*

At the outset, I note that Plaintiff has not set forth a proper ground for this court to

consider his motion, which he calls "a pre-judgment request for consideration."  (Pl.'s Reply at 2.)

Plaintiff contends that "this [c]ourt may reconsider its [o]rder at any time before judgment enters

(and within the limitations of Rule 59 after judgment enters)," but fails to cite any Federal Rule of

Civil Procedure in support or guidance for his motion.  (Pl.'s Mot. ¶ 12.)

The Federal Rules of Civil Procedure do not explicitly provide for  motions for

reconsideration.  *See Hannah v. Roadway Express, Inc.*, 200 F.R.D. 651, 653 (D. Colo. 2001).

Nevertheless, such motions are generally accepted and construed under Rule 59(e), which

provides that "[a]ny motion to alter or amend a judgment shall be filed no later than [ten] days

after entry of judgment." Fed. R. Civ. P. 59(e) (2005).  Rule 59(e) is clearly not applicable in the

instant case, because Plaintiff filed his motion before entry of judgment.

An alternative basis for a court to reconsider its order is Rule 60, which allows for

motions for relief from judgment or order.  Specifically, Rule 60 states that:

> [o]n motion and upon such terms as are just, the court may relieve a party or a
> party's legal representative from a final judgment, order, or proceeding for the
> following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2)
> newly discovered evidence which by due diligence could not have been discovered
> in time to move for a new trial . . .; (3) fraud . . ., misrepresentation, or other
> misconduct of an adverse party; (4) the judgment is void; (5) the judgment has
> been satisfied, released, or discharged . . .; (6) any other reason justifying relief
> from the operation of the judgment.

Fed. R. Civ. P. 60(b) (2005).  Plaintiff's motion essentially amounts to a motion for relief from my

March 24, 2005 order.  Plaintiff does not allege discovery of new evidence or fraud, and does not

contemplate voidness or satisfaction of judgment.  Thus, I evaluate Plaintiff's motion under Rules

60(b)(1) and 60(b)(6).  *See Hannah*, 200 F.R.D. at 653 (evaluating motion involving attorney's

oversight under Rule 60[b][1]); *Bartholic v. Scripto-Tokai Corp.*, 140 F. Supp. 2d 1098, 1124

(D. Colo. 2000) (describing Rule 60[b][6] as a "catch-all provision" allowing courts to reconsider

prior orders).

Relief under Rule 60 is "'extraordinary and may only be granted in exceptional

circumstances.'"  *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (quoting *Cashner v.*

*Freedom Stores, Inc.*, 98 F.3d 572, 576 [10th Cir. 1996].)  Rule 60(b)(1) motions "provide relief

to a party in only two instances: (1) when the party has made an excusable litigation mistake or an

attorney in the litigation has acted without authority; or (2) when the judge has made a

substantive mistake of law or fact in the final judgment or order."  *Id.*  Excusable litigation

mistakes are "mistakes that a party could not have protected against, such as counsel acting

without authority," not mistakes that result from "deliberate and counseled decision[s] by the

complaining party."  *Id.*  Moreover, the Tenth Circuit has held:

> Rule 60(b)(1) is not available to allow a party merely to reargue an issue
> previously addressed by the court when the reargument merely advances new
> arguments or supporting facts which were available for presentation at the time of
> the original argument.

*Cashner*, 98 F.3d at 577.  Similarly, a motion under Rule 60(b)(6) "is not a second opportunity

for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that

previously failed."  *Bartholic*, 140 F. Supp. 2d at 1124.

Here, Plaintiff impermissibly offers enhancements to recapitulated arguments from his June 25, 2004 motion. In my March 24, 2005 order, I denied Plaintiff's motion for attorneys' expenses, because Plaintiff had not provided admissible evidence to support his contention that the expenses in question were ordinarily billed to the attorneys' client. (Order at 16.) Plaintiff attaches to his motion presently before the court an affidavit of Theresa Corrada and refers the court to a billing report attached to Plaintiff's June 25, 2004 motion at Exhibit G. (Pl.'s Mot. ¶¶ 7, Aff. of Theresa Corrada Regarding Expenses.) Corrada avers that: (1) she was trial counsel in Plaintiff's case, (2) she is familiar with her firm's billing practices, (3) she has reviewed the expenses listed at Exhibit G to Plaintiff's June 25, 2004 motion, (4) the expenses are reasonable, and (5) the expenses are of the sort ordinarily billed to the firm's clients. (Pl.'s Mot., Aff. of Theresa Corrada Regarding Expenses ¶¶ 1–3.) Rule 60 does not provide "a method for obtaining a second bite at a previously unsuccessful apple." *Hannah*, 200 F.R.D. at 654. Plaintiff's reference to his previously filed motion is a clear indicium that Plaintiff's motion is a second-bite attempt. Plaintiff does not argue, and neither the record nor common sense supports, that Corrada's averments could not have been offered with Plaintiff's June 25, 2004 motion. Indeed, on November 29, 2004, Plaintiff filed a supplement to his June 25, 2004 motion. (Supplement.) That supplement consisted of an affidavit by the same Theresa Corrada, in which Corrada averred that the fees Plaintiff sought were based on her firm's customary hourly rates. (*Id.*, Aff. of Theresa Corrada ¶¶ 2–3.) Consequently, Corrada's affidavit regarding expenses is not properly the subject or basis of a Rule 60 motion.

Further, Plaintiff argues that the attorneys' expenses he seeks are of the sort ordinarily billed to clients due to ethical obligations under the Colorado Rules of Professional Conduct.

(Pl.'s Mot. ¶¶ 2–5.)  Plaintiff purports to characterize the ethical obligation to bill expenses as a point of law that "was not considered or addressed in the [c]ourt's [March 24, 2005] [o]rder." (Pl.'s Reply at 4.)  Plaintiff asserts that: (1) the Colorado Rules of Professional Conduct ordinarily require that Colorado attorneys bill expenses to clients; (2) Plaintiff's counsel is bound by the Colorado Rules of Professional Conduct; thus (3) Plaintiff's counsel was ethically obligated to bill expenses; and therefore (4) it can be "presumed" that Plaintiff's counsel billed its expenses, including those presently in question.  (Pl.'s Mot ¶¶ 2–5.)

Plaintiff's attempt at syllogism is unavailing.  I decline to presume that Plaintiff's counsel behaved a certain way based solely upon rules delineating counsel's obligations.  Moreover, Plaintiff's flawed logic does not rise to the level of an argument that I made a substantive mistake of law or fact in arriving at my decision memorialized in the March 24, 2005 order.  Plaintiff shows further flawed logic in that the ethical obligations of which he speaks must have been active at the time of his June 25, 2004 motion in order for his argument to stand.  Thus, Plaintiff necessarily could have made this argument at that time.  "[R]evisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed is likewise inappropriate."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (citation and internal quotation marks omitted).  Thus, Plaintiff has not provided any proper basis under Rule 60 for this court to reconsider its March 24, 2005 order, and the findings in that order stand.

*2.      Conclusions*

Based on the foregoing it is therefore ORDERED that Plaintiff's motion to amend order

and memorandum of decision regarding attorneys' fees and expenses (#141) is DENIED.

Dated this 8th of February, 2006.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge